IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERTO E. BRANDVEEN, *pro se*, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:13cv243–HEH
)
LARRY B. LITTON, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Granting Motion to Dismiss)

Plaintiff brought this action against Specialized, Inc. of Virginia ("Specialized"), Litton Loan Servicing, Wells Fargo Bank, N.A., and several employees of these companies (collectively "Defendants") based on purported misconduct arising out of the foreclosure of his home. At this time, Specialized is the only Defendant to have been served. On June 21, 2013, it filed a Re-Filed[1] Motion to Dismiss (ECF No. 10) together with the notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). In response, Plaintiff, appearing *pro se*, filed a "Summary of the Cause of Action" (ECF No. 13), attaching correspondence from Specialized that provided him with notice of a previous foreclosure of a home located in Chester, Virginia. The Court liberally construes this pleading as Plaintiff's opposition to the subject motion. For the reasons

---

[1] Specialized previously filed a Motion to Dismiss (ECF No. 3) that this Court denied for lack of a *Roseboro* Notice, as required by E.D. Va. Loc. R. 7(K). By Order entered June 10, 2013, the Court granted leave to re-file the motion in accordance with local rules.

that follow, the Court will grant the Motion to Dismiss (ECF No. 10), dismissing Plaintiff's Complaint without prejudice.

As required, the Court assumes that Plaintiff's allegations are true and construes the allegations in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Essentially, Plaintiff has offered vague, conclusory allegations of fraud followed by a list of federal statutes that he believes were violated. Given the brevity of the allegations and the nature of the deficiencies in the Complaint, the Court recites the allegations in their entirety:

1. On December 1, 2008 Larry B. Litton, CEO; Litton Loan Servicing and employees contractually conducted business (Loan Modification/Loss Mitigation) across state lines. Re: 14112 Faraday Pl., Chester, Va. 23860 until 04-20-2010.

2. Gaining the trust and confidence of the Litigant with the intent to deceive, mislead, deprive and defraud the Plaintiff through contrived and manipulative use of the mails, phone, fax and computer. Further aggrieving the Litigant on March 12, 2010 arranging the Transfer of the Deed to the Investor Wells Fargo and Specialized, Inc. of Virginia by what is known as "Dual Tracking" while violating the Litigants [*sic*] rights under the following Acts and Laws:

   I. Federal Telecommunications Act
   II. Federal Trade Commission (Dodd-Frank Act)
   III. Consumer Protection Act: Truth in Lending
   IV. Federal Commerce Commission
   V. Homes Affordable Modification Program
   VI. Emergency Economic Stabilization Act 2008
   VII. Home Ownership and Equity Protection Act
   VIII. Real Estate Settlement Procedure Act

Seeking Punitive and Compensatory Damages $1,000,000.00.

3. On three separate occasions "Making Homes Affordable Program were [*sic*] contacted on 09-23-2007, 05-29-2009 and 08-07-2009 to resolve and save my primary residence.

(Compl. at ¶¶ 1-3.)

Specialized—the only Defendant served thus far—moves to dismiss the Complaint for failure to state a claim and for failure to sufficiently allege a basis for federal jurisdiction. Because the Court is required to liberally construe pleadings filed *pro se*, the Court finds the jurisdictional challenge unavailing. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). Although Plaintiff does not specifically invoke federal question jurisdiction by citing 28 U.S.C. § 1331, each statute listed in his Complaint purports to raise a federal claim. Liberally applying the well-pleaded complaint rule, Plaintiff has adequately invoked this Court's jurisdiction. *See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829-30 (2002) (jurisdiction determined by reference to complaint).[2]

Having concluded that federal jurisdiction is properly invoked, the Court turns to the sufficiency of Plaintiff's claims. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts,

---

[2] Specialized also suggests that a plaintiff must "explain what rights federal law provides him and describe how those rights were violated" to effectively invoke federal jurisdiction (Mem. Supp. Re-Filed Mot. Dismiss at 4, ECF No. 12.) In doing so, Specialized is improperly couching a challenge to the sufficiency of the allegations in terms of a jurisdictional challenge. Except where a claim is so "completely devoid of merit as not to involve a federal controversy," the Supreme Court has held that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." *Steel co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (citations and internal quotation marks omitted). The pleadings under review present only an issue as to the sufficiency of the claims.

the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson*, 551 U.S. at 94 (citation and internal quotation marks omitted). To that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

Specialized is correct that the allegations here are insufficient, and so the Court will dismiss the Complaint. At most, Plaintiff alleges that Defendant Litton Loan Servicing and its employees conducted business over state lines and, in some unspecified way, defrauded him. (Compl. at ¶¶ 1-2.) He then lists eight federal statutes and, in

4

conclusory fashion, alleges that those laws have been violated. Regardless of the liberal construction afforded *pro se* filings, the Court must reject such conclusory allegations. *See Iqbal*, 556 U.S. at 678. Moreover, Plaintiff's allegations fall far short of the requirement that the "circumstances constituting fraud" be stated "with particularity." Fed. R. Civ. P. 9(b). Thus, the Court will dismiss the Complaint without prejudice.[3]

Although no other Defendants have moved for dismissal (because no others were served), the Court will likewise dismiss the Complaint in its entirety based on Specialized's arguments. Thus, there is no pleading remaining on the docket, and so the claims against other Defendants are effectively dismissed without prejudice. *Chambers v. Wells Fargo Home Mortg.*, No. CV 11-957, 2011 U.S. Dist. LEXIS 81614, at *14 (D. Ariz. July 25, 2011) (dismissing similar case as to defendants not served because complaint did not comply with Federal Rules of Civil Procedure).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 11, 2013
Richmond, Virginia

---

[3] Specialized asks the Court to dismiss the matter with prejudice, but it has identified no authority permitting such relief. It may be true that Plaintiff can plead no set of facts to support his claims, but the lack of allegations here renders it difficult to make that judgment with any certainty. Thus, the Court will dismiss the Complaint without prejudice. *See, e.g., United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted) (recognizing that amendments may be denied in limited circumstances such as when futile).